JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW D. HINKS (Bar No. 200750)
*mhinks@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

OLENDERFELDMAN LLP
MICHAEL FELDMAN, ESQ. (*pro hac vice*)
*mfeldman@olenderfeldman.com*
SEAN ROSE, ESQ. (*pro hac vice*)
*srose@olenderfeldman.com*
422 Morris Avenue
Summit, New Jersey 07901
Telephone: (908) 964-2460

Attorneys for Plaintiff THEOREM INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THEOREM, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITRUSBYTE, LLC and TECHNICAL PERFORMANCE SERVICES, LLC, <br><br> Defendants. | Case No. CV 21-4660-GW-AGRx <br><br> **PRELIMINARY INJUNCTION ORDER** <br><br> Date:  August 30, 2021 <br> Time:  8:30 a.m. <br> Crtrm.: 9D <br><br> The Hon. George H. Wu <br><br> Trial Date:   Net yet set |

# ORDER

Plaintiff Theorem Inc.'s ("Theorem") Motion for Preliminary Injunction (the "Motion") came on regularly for hearing on August 30, 2021 at 8:30 a.m. via teleconference, and thereafter, with all parties having appeared for supplemental argument via teleconference on November 4, 2021 at 8:30 a.m., the above-entitled Court, the Honorable George H. Wu, United States District Court Judge, presiding.

The Court having considered the Motion, all papers filed in support thereof and in opposition thereto, and all supplemental papers filed by the parties in connection therewith, and argument of counsel, and finding good cause therefor:

**IT IS HEREBY ORDERED** as follows:

1. The Motion is GRANTED in its entirety for the reasons set forth in the Court's November 16, 2021 Final Ruling on Plaintiff's Motion for Preliminary Injunction;

2. Pursuant to Fed. R. Civ. P. 65, Defendants Citrusbyte, LLC ("Citrusbyte"), Technical Performance Services, LLC ("TP Services") and their agents, servants, and employees, and all those in active concert or participation with them, shall be and hereby are, pending the entry of final judgment in this action, immediately restrained and enjoined from:

    a. Registering, owning, leasing, selling, trafficking or using the name or word "THEOREM" or the Theorem Analytics Trademark (USPTO Reg. No. 3111281) and/or the Theorem Trademark (USPTO Reg. No. 3100152) (together, the "Theorem Trademarks"), however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, and whether used in caption, text, orally, or otherwise, or any mark or logo which is confusingly similar to the Theorem Trademarks in connection with any business, product marketing campaign or Internet domain name (including but not limited to the websites at www.theorem.co and https://journal.theorem.co), or as a trademark,

trade name, logo, or service mark;

b.　Notwithstanding anything to the contrary in the prior paragraph, Defendants may, for 120 days from the filing of this order, continue to hold and control the registration for the registered domain name "theorem.co" for the sole purpose of allowing Citrusbyte to receive third-party communications sent to e-mail addresses at that domain name and for forwarding internet traffic to its new domain. Citrusbyte will implement an internal mechanism whereby such communications will be automatically forwarded to a domain name with Citrusbyte's new and non-infringing name. For the sake of clarity, the "theorem.co" domain name will not be outward-facing in any respect. Consumers will see only a new and non-infringing company name, web address or domain name, if they see any company name, web address or domain name at all. Defendants shall not use the "theorem.co" domain name for any outward-facing purpose, and Defendants shall not use, or permit others to use, any associated websites with a web address using the theorem.co domain name. Rather, use of the "theorem.co" domain name shall be confined to the receipt of third-party communications through the above-described forwarding mechanism and forwarding of Internet traffic to Citrusbyte's new domain;

c.　Infringing the Theorem Trademarks;

d.　Using, reproducing, advertising or promoting any slogan, mark, or name that may be calculated to represent that the products or services of Defendants or any other person are sponsored by, authorized by, or in some way associated with Theorem;

e.　Using or reproducing any word, term, name, or symbol, or any combination thereof, on any product or in connection with any service that confuses or falsely represents or misleads, is calculated to confuse,

falsely represent, or mislead, or that has the effect of confusing, falsely representing, or misleading, that the products, services, or activities of Defendants or another are in some way connected with Theorem, or is sponsored, approved, or licensed by Theorem;

  f. Inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

  g. Passing off to the public that Defendants' businesses or goods or serves are those of or authorized by Theorem; and

  h. Engaging in any other conduct that will cause, or is likely to cause confusion, mistake, deception, or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of their businesses, goods, or services with or by Theorem, or that is likely to dilute the connection between Theorem and the Theorem Trademarks.

  3. Notwithstanding anything in this Order to the contrary, neither this Order nor the Court's accompanying Final Ruling on Plaintiff's Motion for Preliminary Injunction addresses one way or the other Defendants' use of the registered trademark "TheoremOne," and all parties reserve all rights and remedies in connection therewith.

  4. To the extent Citrusbyte and/or TP Services and/or their agents, servants, and employees, or any of those in active concert or participation with them, were engaging in any of the conduct prohibited by paragraph 2 of this Order as of August 2, 2021, all such conduct shall cease in its entirety in accordance with paragraph 2 hereof on or before January 25, 2022; and

/ /

/ /

/ /

5. On or before January 25, 2022, and conditioned upon Defendants' compliance with this Order, Theorem shall post cash, in the form of a cashier's check or similar instrument, or bond with the Court in the amount of $50,000.00, pending the entry of final judgment in this action or further Order of this Court.

**IT IS SO ORDERED.**

Dated:  December 27, 2021

HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE