JS-6

OLENDERFELDMAN LLP
MICHAEL FELDMAN (*pro hac vice*)
mfeldman@olenderfeldman.com
SEAN ROSE (*pro hac vice*)
srose@olenderfeldman.com
422 Morris Avenue
Summit, New Jersey 07901
Telephone: (908) 964-2460

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW D. HINKS (SBN 200750)
mhinks@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff
THEOREM, INC.

JOHN C. ULIN (SBN 165524)
Email: julin@troygould.com
CHRISTOPHER A. LILLY (SBN 192479)
Email: clilly@troygould.com
BENJAMIN W. CLEMENTS (SBN 299126)
Email: bclements@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Defendants
CITRUSBYTE, LLC and TECHNICAL PERFORMANCE SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOREM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITRUSBYTE, LLC and TECHNICAL PERFORMANCE SERVICES, LLC,<br><br>Defendants. | Case No. CV 21-4660-GW- AGRx<br><br>Assigned to: Hon. George H. Wu<br><br>STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION |

WHEREAS, on June 7, 2021, Plaintiff Theorem, Inc. ("Plaintiff") filed its Complaint in the action captioned *Theorem, Inc. v. Citrusbyte, LLC and Technical Performance Services, LLC*, Case No. 2:21-cv-04660 GW (AGRx), in the United States District Court for the Central District of California ("Action");

WHEREAS, on July 30, 2021, Defendants Citrusbyte, LLC and Technical Performance Services, LLC (collectively, "Defendants"; collectively with Plaintiff, "Parties") filed an Answer to the Complaint;

WHEREAS, on December 28, 2021, the District Court issued an Order granting Plaintiff's Motion for Preliminary Injunction and Defendants' request for additional time for compliance;

WHEREAS, without either party admitting any fault, Plaintiff and Defendants entered into a separate Settlement Agreement to resolve the Action, which terms include the entry of this Stipulated Consent Judgment and Permanent Injunction; and

WHEREAS, in connection with their Settlement Agreement the Parties jointly request that the Court enter this Stipulated Consent Judgment and Permanent Injunction;

NOW THEREFORE, upon consent of the Parties hereto, IT IS ORDERED, ADJUDGED, AND DECREED:

1. All claims in this action that arose from Defendants' use of the registered trademark "TheoremOne" (USPTO Reg. No. 6103717) are hereby dismissed with prejudice.

2. Pursuant to Fed. R. Civ. P. 65, Defendants and their agents, officers, directors, servants, and employees, and all those in active concert or participation with them, shall be and hereby are, permanently restrained and enjoined from:

(a) Registering, owning, leasing, selling, trafficking or using the name or word "THEOREM" or the Theorem Analytics Trademark (USPTO Reg. No. 3111281) and/or the Theorem Trademark (USPTO Reg. No. 3100152) (together, the "Theorem Trademarks"), however spelled, whether capitalized, abbreviated, singular

or plural, printed or stylized, and whether used in caption, text, orally, or otherwise, or any mark or logo which is confusingly similar to the Theorem Trademarks in connection with any business, product marketing campaign or website (including but not limited to the websites at www.theorem.co and https://journal.theorem.co), or as a trademark, trade name, logo, or service mark;

(b) Infringing the Theorem Trademarks;

(c) Using, reproducing, advertising or promoting any slogan, mark, or name that may be calculated to represent that the products or services of Defendants or any other person are sponsored by, authorized by, or in some way associated with Plaintiff;

(d) Using or reproducing any word, term, name, or symbol, or any combination thereof, on any product or in connection with any service that confuses or falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or that has the effect of confusing, falsely representing, or misleading, that the products, services, or activities of Defendants or another are in some way connected with Plaintiff, or is sponsored, approved, or licensed by Plaintiff;

(e) Inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

(f) Passing off to the public that Defendants' businesses or goods or services are those of or authorized by Plaintiff; and

(g) Engaging in any other conduct that will cause, or is likely to cause confusion, mistake, deception, or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of their businesses, goods, or services with or by Plaintiff, or that is likely to dilute the connection between Plaintiff and the Theorem Trademarks.

3. Notwithstanding anything in this Consent Judgment and Permanent Injunction to the contrary, neither this Consent Judgment and Permanent Injunction

nor any other Order in this case shall prohibit or otherwise affect Defendants' use of the registered trademark "TheoremOne" (Registration No. 6103717).

4. Notwithstanding anything in this Consent Judgment and Permanent Injunction to the contrary, Defendants may continue to hold and control the Theorem.co domain for the sole purpose of allowing Citrusbyte to forward internet traffic to its new "TheoremOne" domain(s), and to receive third-party communications sent to e-mail addresses under the "theorem.co" domain. Citrusbyte will implement an internal mechanism whereby such communications will be automatically forwarded to the "TheoremOne" domain name. For the sake of clarity, the "theorem.co" domain name will not be outward-facing in any respect, and will not be used to respond to any e-mail or other communications even if such communication was initially directed to a "theorem.co" domain. Subsequent to forwarding, consumers and third-parties will only see the "TheoremOne" company name, web address or domain name, if they see any company name, web address or domain name at all. Defendants shall not use, nor allow the use (other than as permitted herein), of the "theorem.co" domain name for any outward-facing purpose, and Defendants shall not use, or permit others to use, any associated websites with a web address using the "theorem.co" domain name.

5. The Parties shall bear their own fees and costs for this Action.

**IT IS SO ORDERED.**

Dated: May 17, 2022

Hon. George H. Wu
United States District Judge

Submitted jointly by:

Dated: May 12, 2022

OLENDERFELDMAN LLP

By: /s/ Michael J. Feldman
Michael J. Feldman
Attorneys for Plaintiff
THEOREM, INC.

Dated: May 12, 2022

TROYGOULD PC

By: /s/ John C. Ulin
John C. Ulin
Attorneys for Defendants
CITRUSBYTE, LLC and TECHNICAL PERFORMANCE SERVICES, LLC